IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF NEW MEXICO

| | |
|---|---|
| EDGAR SALDANA,<br>          PLAINTIFF,<br><br>          vs.<br><br><br>STATE OF NEW MEXICO,<br>CURRY COUNTY DETENTION CENTER,<br>CORRECTIONAL HEALTHCARE COMPANIES,<br>JOHN LECLEAR, JOSE BORJAS, JAMIE<br>WARNELL, JOHN MACIAS, JOAN MARTIN<br>JASON CLOUD, TROY HUNT, MARICSA ACUNA<br>and CHRISTOPHER LOPEZ(in their individual<br>capacities)JOHN AND<br>JANE DOES I-V, ENTITIES CORPORATIONS,<br>PARTNERSHIPS I-V.<br><br><br>          DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) NOVEMBER 12, 2015 |

**COMPLAINT**

1.    This Complaint concerns the brutal beating of a young

mentally ill man at the hands of the correctional officers and

medical workers charged with his supervision and care.

2.    On November 13, 2013, 21-year old Edgar Saldana was

beaten and injured while incarcerated at the Curry County Detention

Center.

3.   Saldana was mentally ill, and at the time of his
incarceration had been diagnosed as suffering from paranoid
schizophrenia.

4.   Notwithstanding Saldana's mental illness, however, the
Department's doctors, nurses and other medical workers failed and
refused to provide adequate and proper medical care, supervision
and medication to him, they allowed his mental illness to go
untreated and inadequately treated, and they permitted him to
decompensate and to become paranoid and aggressive under
circumstances that they knew would lead to violent confrontations
with other inmates and correctional staff.

5.   On November 13, 2013, after several days during which the
medical staff intentionally withheld required anti-psychotic
medication, Saldana's untreated mental illness caused him to become
paranoid and disruptive, and as could and should have been
expected, he was subsequently violently subdued and restrained by
at least six correctional officers and staff.

6.   Beginning at approximately 4:55 p.m., the officers and
staff piled on top of Saldana, kicked his body, used leg sweeps to

2

thwart Saldana from standing, handcuffed, and used an excessive

amount of force to physically restrain Saldana.

7.   The violent beating of Saldana resulted in rib fractures

and a punctured lung.

8.   This Complaint seeks redress from the persons and

entities responsible for the care and treatment of this State's

mentally ill inmates and for Edgar Saldana's anguish, injuries, and

inadequate care.

## PARTIES

9.   Plaintiff EDGAR SALDANA, is a young man who has been

diagnosed with a mental illness and who was in the custody and

control of the Curry County Detention Center on November 13, 2013.

10.   Defendant CURRY COUNTY DETENTION CENTER, acting through

its agents, representatives and employees, was responsible for the

care, custody and treatment of Edgar Saldana at all relevant times

mentioned herein.

11.   Defendant CORRECTIONAL HEATHCARE COMPANIES was at all

relevant times responsible for providing medical, mental health and

psychiatric care, services and supervision to persons in the

custody of the CURRY COUNTY DETENTION CENTER, including Edgar Saldana.

19.   Defendants JOHN LECLEAR, JOSE BORJAS, JAMIE WARNELL, JOHN MACIAS, JASON CLOUD, MARICSA ACUNA, AND JOHN AND JANE DOES were correctional officers, supervisors, medical staff, and other staff assigned on November 13, 2013 to the CURRY COUNTY DETENTION CENTER. The defendants in this paragraph are collectively referred to as the "CORRECTIONAL EMPLOYEE DEFENDANTS."  They are sued in their individual and official capacities.

20.   Defendants JOAN MARTIN and TROY HUNT were medical workers assigned on November 13, 2013 to the CURRY COUNTY DETENTION CENTER. They are sued in their individual capacities.

21.   Christopher Lopez was law enforcement personnel who supervised Saldana.

22. The fictitious Defendants named herein, whose involvement with this case once it becomes known, will cause Plaintiff to move to amend this Complaint, naming such defendants by their true identity and their actionable conduct.

FACTS

23.   At all times mentioned herein, each individual Defendant was acting in the course and scope of his or her employment.

24.   At all times mentioned herein, each defendant was acting under color of state law.

25.   Edgar Saldana was incarcerated at the Curry County Detention Center for several weeks before the attack on November 13, 2013. Saldana had been incarcerated on prior occasions at the same facility.

26.   Saldana was diagnosed as suffering from paranoid schizophrenia. Saldana's probation officer, Defendant Lopez, was aware of Saldana's deteriorating condition in the days preceding the attack on November 13, 2013.

27.   It was known to the Detention Center and its employee's, and other medical workers, that Saldana required adequate and proper anti-psychotic medication in order to control his schizophrenia, to enable him to function properly and to prevent his becoming paranoid, aggressive and disruptive.

28.   Notwithstanding this knowledge, the named Defendant's who were responsible for Saldana's well-being failed to prescribe and

administer adequate and proper anti-psychotic medications.
Specifically, at various times during his incarceration at the
Detention Center up until the time of the attack, these defendants:
(a) prescribed and administered inadequate amounts of anti-
psychotic (b) prescribed and administered no anti-psychotic
medications; and (c) failed and refused to medicate Saldana against
his will, even though, due to his mental illness, he was incapable
of caring for his own medical and medication needs.

29.  The types of medications prescribed for Saldana, the
dosage levels for those medications, and the time periods during
which those medications were prescribed were all inadequate to
properly treat his illness and to control his paranoia and
aggression.

30.  As a result of these defendants' failure and refusal to
prescribe and administer adequate and proper anti-psychotic
medications during the period of Saldana's incarceration at the
Detention Center and up until the time of the attack, his mental
illness went substantially untreated, and he suffered frequent
episodes of decompensation and resulting paranoia, fear, and
aggression

31.   Also as a result of substandard medical care, monitoring and supervision, Saldana frequently became non-compliant even with those anti-psychotic medications that were prescribed for him, and, as a result of this non-compliance, he suffered paranoia and other psychotic symptoms.

32.   During the period of his incarceration at the Curry County Detention Center, Saldana suffered repeated episodes of becoming noncompliant with his psychotropic medications, of decompensating and becoming paranoid and aggressive.

33. Upon information and belief, days prior to the November 13, 2013 attack, medical personal discontinued Saldana's medication this was a breach of the standard of care.

34.   As a result of the discontinuance of his medication, and as a result of the failure of staff, nurses and other medical workers to properly monitor and evaluate his condition, Saldana rapidly decompensated and became aggressive.

35.   As could and should have been expected, on November 13, 2013 Saldana was reported to have acted aggressively towards a corrections officer; he was forcibly restrained and subdued by correctional staff.

36.    This time, however, due to a profound lack of training in how to properly manage mentally ill inmates, and due to the officers' violent, unrestrained and excessive use of force against Saldana; he suffered severe injuries.

37.    Specifically, in the course of subduing and restraining Saldana, the defendants perpetrated the following acts, among other things:

      a. defendant Correctional Officers forcibly pressed Saldana's body against the cell floor;

      b. defendants Cloud and LaClear and other individual Defendants kneed Saldana twice on two separate occasions on the sides of his torso, applied handcuffs to his wrists,

      c. defendant Correctional Officers pulled Saldana's hands and feet and performed leg sweeps, which caused Saldana to fall to his knees with no means to balance or soften the fall to the ground.

38.    Following the officer's attack and physically moving Saldana to an unsanitary (containing urine that was not cleaned or

removed) cell and threatening another round of physical force the officers finally called medical staff for assistance.

39.   Defendants failed to provide proper standard and emergency medical treatment and care.

40. Following the attack on Saldana, officials of the Detention Center, determined that all of the defendants' conduct was proper and fully consistent with the DEPARTMENT's policies and procedures concerning the restraint of mentally ill and aggressive inmates.

41.   Not one of the defendants was ever punished or disciplined for his or her responsibility for Saldana's injuries.

42.   The above failures of the Curry County Detention Center, its Employees, and medical staff directly and proximately caused the injuries sustained by Saldana.

43.   The individually named defendants in this Complaint each acted with reckless or callous indifference to Saldana's dignity as a human being and to his constitutional and statutory rights.

44.   As a direct and proximate result of the acts and omissions of the defendants, Saldana suffered extreme distress, anguish, pain, and injury.

## COUNT I

Failure to Provide Constitutionally Adequate Medical Care against
Individually Named Defendants pursuant to 42 U.S.C § 1983

1.   Plaintiff realleges and incorporates by reference each and
every allegation in Paragraphs 1 through 44.

2.   By failing to provide Edgar Saldana with constitutionally
adequate medical care, and by failing to summon such care, the
defendants knowingly disregarded an excessive risk to Saldana's
health and safety and knowingly subjected him to pain, physical and
mental injury, and death, thereby violating Saldana's rights under
the Fourth, Eighth and Fourteenth Amendments to the United States
Constitution.

## COUNT II

Failure to Provide Constitutionally Adequate Medical Care --
Supervisory Liability, against Curry County Detention Center and
Correctional Heath Care Facilities, pursuant to 42 U.S.C. § 1983

1.   Plaintiff realleges and incorporates by reference each
and every allegation in Paragraphs 1 through 44.

2.    The defendants were personally involved in and
responsible for the deliberate indifference to Edgar Saldana
serious medical needs in that:

        a. They created a policy and custom, and they allowed the
           continuance of a policy and custom, under which
           inmates would be deprived of adequate medical care;
           and

        b. They were deliberately indifferent in supervising and
           training subordinates who committed the wrongful acts
           described herein.

3.    The acts and omissions of the defendants proximately
caused the injuries suffered by Saldana.

4.    By failing to provide Saldana with constitutionally
adequate medical care, the defendants knowingly disregarded an
excessive risk to Bryant's health and safety and knowingly
subjected him to pain, physical and mental injury, and death,
thereby violating Saldana's rights under the Fourth, Eighth and
Fourteenth Amendments to the United States Constitutions.

## COUNT III

(Deliberate Indifference to Safety -- Failure to Protect –Curry County Detention Center EMPLOYEE DEFENDANTS in their individual capacities, pursuant to 42. U.S.C. § 1983)

1.     Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 44.

2.     Each of the employee Defendants knew of and each of them, were using excessive force against Saldana and/or were failing to summon or provide obvious and urgently needed medical attention for him.

3.     Each defendant could have taken action to stop the use of excessive force, to summon or provide medical care, and to prevent injury to Saldana, but refused and failed to do so.

4.     Each defendant failed to protect Saldana from the use of excessive force and the deliberate failure to provide medical care in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT IV

(Deliberate Indifference to Safety -- Failure to Train -- Supervisory Liability, Curry County Detention Center, Correctional Heath Care Companies pursuant to 42 U.S.C. § 1983)

1.   Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 44.

2.   The defendants failed to require meaningful additional or different training in responding to inmates with mental illness.

3.   The defendants were personally involved in and responsible for the failure to train in that:

> b.   They were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein.

4.   The acts and omissions of the defendants proximately caused Saldana's injuries.

5.   The defendants' failure to protect Saldana and their failure to properly and adequately train correctional employees, or to ensure such training, violated Bryant's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT V

(Excessive Force, against the CURRY COUNTY DETENTION CENTER AND EMPLOYEE DEFENDANTS in their individual capacities, pursuant to 42 U.S.C. § 1983)

1.    Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 44.

2.    The force used by the defendants against Edgar Saldana was unreasonable and excessive in violation of Bryant's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT VI

Negligence/Medical Malpractice against the STATE OF NEW MEXICO

1.    Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 44.

2.    During the time that Edgar Saldana was incarcerated at the Curry County Detention Center the STATE OF MEXICO and its employees, servants and agents, undertook his care, treatment, monitoring and supervision.

3.    While under the care of the STATE's employees, servants and agents, Saldana suffered severe, serious, painful and permanent injuries.

4.    The injuries suffered by Saldana were caused by the failure of the STATE OF NEW MEXICO, and its employees, servants and

agents, to exercise reasonable care under all of the circumstances then and there present, in that they:

      a.   failed to adequately and properly care for, treat, monitor and supervise Saldana;

      b.   failed to prescribe proper types and adequate amounts of psychotropic and other medications to Saldana;

      c.   failed to anticipate, plan for, and prevent Saldana's mental decompensation;

      f.   failed to provide physicians, nurses, counselors and other medical and mental health workers with the required skill, training and experience to care for Saldana;

      g.   failed to provide adequate and proper monitoring, supervision and training of the physicians, nurses, counselors and other medical and mental health workers who had responsibility for Saldana;

    5.   As a result of the carelessness and negligence of the defendant, STATE OF New Mexico, and its employees, servants and agents, Saldana suffered the following severe, serious, painful and permanent injuries:

15

a.  His mental illness, including schizophrenia, went untreated and improperly treated, and was allowed to become more severe and debilitating;

b.  He was subjected to extreme emotional and psychological distress;

c.  He was allowed to mentally decompensate and to suffer all of the complications associated with his decompensation, including uncontrollable paranoia, fear, stress, and anxiety;

d.  The inadequate mental health care caused Saldana to engage in behavior that could and did lead to his physical injury at the hands of other inmates and Detention Center staff; and

e.  He suffered broken ribs and a punctured lung after excessive force was used on November 13, 2013.

                    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Edgar Saldana, prays for relief as follows:

1.  For compensatory damages according to proof;

2.  For punitive damages;

3.  For costs and reasonable attorneys fees; and

16

4.   For such further relief as the Court deems just and

proper.

THE PLAINTIFF


By _____
Roberta Yurcic, Esq.
Attorney for Edgar Saldana
820 Second St. NW
Albuquerque , NM 87102
Tele: (505) 492-7267
Fax:  (505) 807-0609