IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDGAR SALDANA,

        Plaintiff,

vs.                              No.: 2:15-cv-01037 WPJ/CG

CURRY COUNTY DETENTION CENTER, *et. al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING CORRECTIONAL
HEALTHCARE COMPANIES' MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS**

        This matter comes before the Court on Defendant Correctional Healthcare Companies'
("CHC") Motion for Partial Judgment on the Pleadings, filed on February 23, 2017 (**Doc. 74**).
Having reviewed the parties' briefs and the applicable law, the Court finds that Defendant's
Motion is well-taken, and is therefore, **GRANTED**.

**BACKGROUND**

        Plaintiff Edgar Saldana was an inmate at the Curry County Detention Center (the
"Detention Center").  He alleges that on November 13, 2013, Detention Center correctional
officers beat him, causing injuries.  Two days after the beating, Plaintiff was transported to an
emergency room.  The ER evaluation revealed that Plaintiff sustained rib fractures and a
punctured/collapsed lung because of the beating. Plaintiff claims the correctional officers beat
him because he became paranoid and disruptive after he was denied proper care and anti-
psychotic medication for his existing and previously diagnosed serious mental illness.  CHC
employees provided physical and mental healthcare services at the detention center.  Plaintiff
contends the care provided was constitutionally inadequate.  Specifically, CHC staff had
prescribed anti-psychotic medication to Plaintiff.  Despite having identified the Plaintiff's need

for prescription medication management, Plaintiff claims CHC's administration of the medication was sporadic. The gist of Plaintiff's claims against CHC is that CHC refused to administer anti-psychotic medication to Plaintiff and refused to medicate him against his will when he was incapable of caring for his own medical needs.  The Amended Complaint states Plaintiff's mental illness went substantially untreated, and he suffered frequent episodes of decompensation and resulting paranoia, fear, aggression, and other psychotic symptoms. Plaintiff also claims that in the days prior to the November 13, 2013 beating, medical personnel discontinued Plaintiff's medication, which constituted a breach of the standard of care.

Plaintiff alleges the Defendants failed to provide proper medical treatment and care, which led to Plaintiff's aggressive condition on November 13, 2013 and ultimately led to his beating.  The Amended Complaint contains six causes of action, three of which are directed at CHC.  In the present motion, CHC addresses Counts II and IV.  Count II alleges CHC was deliberately indifferent to Plaintiff's medical and safety needs because CHC had a policy or custom that permitted inmates to be denied adequate medical care. *See* Amended Complaint at ¶41 (a). Count II further alleges CHC was deliberately indifferent in its supervision and training of its employees. *Id.* at ¶41 (b).  Count IV alleges CHC failed to require proper training for responding to inmates with mental illness. *Id.* at ¶48.  Count IV, like Count II, alleges CHC was deliberately indifferent in its supervision and training of its employees. *Id.* at ¶49 (b).

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is considered under the same standard of review applicable to a Rule 12(b)(6) motion to dismiss. *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012). While "[n]ormally a motion to dismiss for failure to state a claim upon which relief can be granted should be made

prior to filing the answer or in the answer itself," a defendant can accomplish the same end after an answer is filed by filing a motion for judgment on the pleadings. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941, n.2 (10th Cir. 2002). When evaluating a motion for judgment on the pleadings, the court assumes the truth of all well-pleaded facts in the complaint and draws reasonable inferences from those facts in the light most favorable to the plaintiff. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation omitted).

A plaintiff's complaint will survive a motion to dismiss or a motion for judgment on the pleadings only where the complaint contains sufficient facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

3

**DISCUSSION**

CHC argues the Amended Complaint does not articulate facts that identify a CHC policy or custom that led to a violation of Plaintiff's constitutional rights. CHC also contends the Amended Complaint does not allege facts that show CHC had actual or constructive notice that its training methods were inadequate. The Court considers each argument in turn, and agrees the Amended Complaint should be dismissed under Rule 12(c).

## I.        Count II: CHC Policy or Custom

First, CHC argues Plaintiff failed to articulate a cognizable claim for supervisory liability. Plaintiff brought Count II against CHC pursuant to 42 U.S.C. § 1983, which does not allow for supervisory liability based purely on *respondeat superior*. *Dodds v. Richardson*, 614 F.3d 1185, 1197 (10th Cir. 2010). Supervisors such as CHC can be held liable for their own unconstitutional or illegal policies, but not for the torts that their employees commit. As such, supervisory liability requires a showing that such policies were a "deliberate or conscious choice." *Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (10th Cir. 1998) (citations omitted) (internal quotation marks omitted); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality.[1] The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." (emphasis in original)).

---

[1] When, as here, the supervisor in question is a corporation such as CHC, the standard for the corporation's liability under 42 U.S.C. § 1983 is the same as the standard announced in the context of municipal liability, as explained by the United States Supreme Court in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). Specifically, liability is appropriate only when there is a direct link between the corporation's policy or custom and the alleged injuries. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("Therefore, a private actor 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a *respondeat superior* theory.'") (quoting *Monell*, 436 U.S. at 691) (emphasis in original)).

4

Here, CHC contends, Plaintiff has not alleged any well-pleaded facts in support of his claim that CHC had a policy or custom that led to the deprivation of his constitutional rights. Plaintiff made conclusory statements regarding "a policy and custom" and these perfunctory statements are inadequate under *Iqbal*.  *Iqbal*, 556 U.S. at 680–81.

The Court agrees with CHC and concludes Plaintiff has failed to identify any CHC policy or custom that could have led to his alleged constitutional deprivations.  As CHC appropriately points out, Plaintiff only mentions "policy and custom" twice in his Complaint, but he does not identify any such policy or custom.  *See* Compl. ¶ 41(a).  Plaintiff brings his claims under 42 U.S.C. § 1983, which does not allow for supervisory liability based purely on *respondeat superior*. *Dodds*, 614 F.3d at 1197.  Plaintiff has not identified any policies and has not alleged such policies were a "deliberate or conscious choice." *Barney*, 143 F.3d at 1307–08; *See also Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality[2] was the 'moving force' behind the injury alleged." (emphasis in original)).

In this case, Plaintiff has not alleged any facts that plausibly show a direct link between CHC's custom or policy and Plaintiff's alleged injuries.  *See, e.g.*, *Iqbal*, 556 U.S. at 680–81 (conclusory allegations of a discriminatory policy were insufficient to state a claim).  Indeed, Plaintiff has not met the threshold requirement of directing this Court to any unconstitutional CHC custom or policy, and Plaintiff has not alleged facts showing a direct causal link between any policy and his alleged injuries.  *See Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable under § 1983 solely because its employees inflicted injury on

---

[2] *See supra* n. 1 at p. 4.

5

the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.").

Indeed, Plaintiff's only contention regarding a CHC policy or custom is the use of the phrase "policy and custom" twice in Paragraph 41(a) of the Amended Complaint. Neither this paragraph, nor the paragraphs that precede it, state facts concerning any CHC policy or custom, much less a policy or custom that led to the deprivation of Plaintiff's constitutional rights.

Plaintiff's Response ignores most of what CHC raises in its Motion. Plaintiff spends the bulk of the Response attempting to argue the merits of his deliberate indifference claim, but he does not address the lack of any allegation in his Amended Complaint regarding the existence of a specific CHC custom or policy. Moreover, Plaintiff repeats the same blanket assertions that echo those found in his Complaint. For example, he alleges "[d]efendants were aware that Plaintiff was refusing medication and his condition was deteriorating as a result" and "[d]espite the obvious and serious medical need, Plaintiff's was permitted to deteriorate and remain in a psychotic state." Doc. 83 at 8. But Plaintiff states no facts that support these allegations. This is precisely the mere "formulaic recitation of the elements of a cause of action" that our federal pleading standards do not permit. *Twombly*, 550 U.S. at 555.

Moreover, under Plaintiff's own facts and authority, he has not stated a claim for CHC's deliberate indifference to his medical needs. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Such medical malpractice does not constitute deliberate indifference. Nor does disagreement in medical judgment." *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (internal quotations omitted). "Where the necessity for

treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

In the Amended Complaint, Plaintiff alleges CHC failed to provide him with constitutionally adequate medical care by prescribing inadequate amounts of anti-psychotic medications, failing to administer anti-psychotic medications, and refusing to medicate Plaintiff against his will despite his inability to care for his medical needs.  Compl. ¶¶ 21, 43.  Plaintiff concludes that "the failure to act or to implement appropriate treatment plans was a pattern of neglect, which led to the failure to address Plaintiff's need for hospitalization, from which a jury could infer [CHC was] deliberately indifferent to Plaintiff's serious medical needs."  Doc. 83 at 9.

These perfunctory statements do not adequately allege a claim for deliberate indifference against CHC under 42 U.S.C. § 1983.  There are no allegations CHC knew of, and disregarded, an excessive risk of harm to Plaintiff by not forcibly medicating him with anti-psychotic medications against his will.  *Mata*, 427 F.3d at 751 ("The subjective component is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference.") (quotation omitted) (emphasis in original). Critically, a physician's medical judgment, *even if grossly negligent*, is not subject to a claim of deliberate indifference under the Constitution.  *See Mata*, 427 F.3d at 751; *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (A jail physician who exercises his medical judgment does not face liability under the subjective component "absent an extraordinary degree of neglect."). Under Plaintiff's own allegations, the necessity of forcibly medicating Plaintiff in light of his

mental illness could not have been obvious to a lay person because a lay person is not equipped with such a sophisticated understanding of mental illness.  Paragraph 25 of the Amended Complaint states CHC "medical personal discontinued Saldana's medication [and] this was a breach of the standard of care," but mere medical negligence clearly cannot form the basis of a deliberate indifference claim.  *See Mata*, 427 F.3d at 751; *Green*, 108 F.3d at 1303.  Although Plaintiff's mental illness would undoubtedly constitute a serious medical need, there is no case law in support of a deliberate indifference claim based on a provider's failure to medicate an inmate against his will, especially when the allegation is that the medical decision was merely negligent.  *See Washington v. Harper*, 494 U.S. 210, 222, 225–26 (1990) (mentally ill prisoners have a constitutional interest in refusing unwanted anti-psychotic medication, and that interest may be overcome if the inmate is dangerous to himself or to others and if the treatment is in the prisoner's medical interests).

Plaintiff's allegations that CHC cancelled Plaintiff's anti-psychotic medications because he would not take them, or otherwise gave improper dosages of those medications, do not state a claim that CHC was deliberately indifferent to Plaintiff's medical needs.  *See Mata*, 427 F.3d at 751.  If anything, the claims show that CHC staff exercised medical judgment, and even if grossly negligent, such decisions cannot form the basis for a constitutional claim because Plaintiff's mental illness would not have been obvious to a lay person.  *See id.*; *Self*, 439 F.3d at 1232.  Plaintiff does not allege a CHC custom or policy resulted in a medical decision not to forcibly medicate him, and his disagreement with CHC's medical decisions is insufficient to state a claim of deliberate indifference.  Therefore, CHC is entitled to judgment in its favor on Count II of the Amended Complaint.

## II.     Count IV: Failure to Train CHC Employees

Next, CHC maintains the Court should enter partial judgment in CHC's favor because Plaintiff failed to articulate a cognizable claim of inadequate training.  CHC argues a complaint that blames a corporation's failure to adequately train its employees for the deprivation of constitutional rights must articulate facts sufficient to show the corporation had actual or constructive notice of the need for more or additional training. *Connick v. Thompson*, 563 U.S. 51, 71 (2010).  It is not enough merely to state the conclusion that the corporation was "deliberately indifferent" because the need for different training seems evident after the fact. *Id.*

A complaint based on failure to adequately train must articulate "how specifically there was a failure to train its employees" on the part of the accused. *Rigg v. City of Lakewood*, 37 F. Supp. 3d 1207, 1212 (D. Colo. 2014). Recounting a single untoward incident does not serve to establish a custom or policy of inadequate training. *Id.*  CHC contends the Amended Complaint does not articulate facts that show CHC had actual or constructive notice of the need for more or additional training.  Plaintiff makes a conclusory statement about a "profound lack of training" at Paragraph 28 of the Amended Complaint, but this paragraph concerns the conduct of other Defendants and not CHC. Moreover, the statement contains no supporting facts so it is insufficient as a matter of law. *Connick*, 563 U.S. at 71.

Plaintiff has not plausibly alleged CHC failed to train its employees.  The Amended Complaint contains no allegations of "how specifically there was a failure to train." *Rigg*, 37 F. Supp. 3d at 1212.  Plaintiff does not allege any facts that show CHC was on notice that absent additional, specified training, it was likely that CHC employees would treat CHC inmates in an unconstitutional manner.  *See Connick*, 563 U.S. at 71; *Bryson*, 627 F.3d at 790.

9

Moreover, Plaintiff apparently agrees Count IV should be dismissed, because he does not address Count IV in the Response and at the end of his brief asks the Court for permission to withdraw Count IV.  *See* Doc. 83 at 9, ¶ B.  Although this is not a proper method of seeking to withdraw Count IV, *see* Fed. R. Civ. P. 7(b)(1), the Court views this request to mean Plaintiff does not oppose CHC's Motion as to Count IV of the Amended Complaint.  Because Plaintiff has not alleged any facts in support of his contention CHC failed to train its employees, and because Plaintiff ostensibly does not oppose the relief CHC seeks, the Court dismisses Count IV as to CHC.

## CONCLUSION

Plaintiff failed to put CHC on notice as to any specific CHC custom or policy, and Plaintiff has not alleged facts connecting an alleged CHC policy to a deprivation of his constitutional rights.  Furthermore, Plaintiff has not alleged CHC failed to train its employees in such a way that caused the constitutional deprivations complained of.  Plaintiff has made ample conclusory allegations, but he has not specifically alleged the facts that he would need to ultimately prevail on his claims against CHC.  **THEREFORE, IT IS ORDERED** that CHC's Motion (**Doc. 74**) is **GRANTED**.  CHC is entitled to partial judgment on the pleadings as to Count II and Count IV of Plaintiff's Amended Complaint.

_____
UNITED STATES DISTRICT JUDGE